IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:24-CV-233-FL

| | | |
|---|---|---|
| RICHARD D. WARREN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TYLER BRASWELL and NORTH | ) | |
| CAROLINA DEPARTMENT OF | ) | |
| INSURANCE, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court upon defendants' motions to dismiss (DE 21, 22) and plaintiff's motion for leave to amend his complaint (DE 47). The motions have been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, defendants' motions are granted and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff began this constitutional tort suit November 1, 2023, in the United States District Court for the Middle District of North Carolina (the "Middle District"), asserting claims for malicious prosecution, false imprisonment, unreasonable seizure, and intentional infliction of emotional distress ("IIED"). Plaintiff seeks compensatory and punitive damages, plus fees and costs.

---

[1] The court constructively amends the caption of this order to reflect plaintiff's voluntary dismissal of former defendants New Hanover County and John Doe on April 5, 2024. The clerk is DIRECTED to mark these former defendants terminated on the docket, and to terminate as moot their pending motion to dismiss (DE 17).

While the case was pending in the Middle District, on February 5, 2024, defendants filed the instant motions to dismiss based on lack of subject-matter jurisdiction, improper venue, and failure to state a claim, relying upon warrants for arrest and indictments of defendant in New Hanover County Superior Court. Upon consent motion, the Middle District transferred the action to this court March 4, 2024, noting that the transfer was without prejudice to defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12. The Middle District also memorialized the parties' agreement that plaintiff had 30 days from that date to respond to the motions to dismiss.

Plaintiff voluntary dismissed former defendants New Hanover County and John Doe April 5, 2024, and filed a motion to amend complaint that same date, in lieu of a response to defendants' instant motions. Upon notices of deficiency, plaintiff filed a corrected motion to amend April 29, 2024, and May 5, 2024. Upon further notice of deficiency, plaintiff filed the instant motion for leave to amend May 21, 2024, relying upon a proposed amended complaint and redline. Defendants responded in opposition May 31, 2024, relying upon email correspondence between counsel.

## STATEMENT OF FACTS

The facts alleged in plaintiff's original complaint are as follows. Plaintiff is a resident of North Carolina. (Compl. (DE 1) ¶ 18). Defendant Braswell resides in Wilmington, North Carolina, and was a law enforcement officer for DOI from July 2014 to February, 2017. (Id. ¶¶ 20, 24). DOI is a North Carolina state agency headquartered in Raleigh, North Carolina. (Id. ¶ 21).

Braswell worked as a criminal investigator for DOI who investigated and prosecuted crimes involving insurance fraud. (Id. ¶ 25). Braswell swore out arrest warrants against plaintiff charging him with "insurance fraud offenses and related offenses" for insurance claims filed in

2

January 2010, September 2010, and September 2013.  (Id. ¶ 28).  Braswell did not confer with the District Attorney's Office to determine the existence of probable cause before seeking the arrest warrants, but came before a New Hanover County Magistrate Judge to present them.  (Id. ¶¶ 29–30).  The Magistrate Judge issued the warrants.  (Id. ¶ 32).

The first warrant listed offense dates of September 17, 2010 to October 28, 2010 for insurance fraud, felony conspiracy, and attempting to obtain property by false pretense.  (Id. ¶ 34).  The second warrant listed offense dates of January 4, 2010 to August 18, 2010 for the same charges.  (Id. ¶ 35).  The third warrant listed offense dates of September 10, 2013 to March 11, 2014 for the same charges.  (Id. ¶ 36).

Plaintiff turned himself in to the New Hanover County Sherriff's Office, and was booked and held until his release on bond.  (Id. ¶¶ 38–39).  Braswell allegedly instigated media interest in plaintiff's charges.  (Id. ¶¶ 40–41).  On January 18, 2023, New Hanover County dismissed the charges, on grounds that necessary witnesses were deceased, despite the fact that Braswell and the District Attorney's Office had failed to disclose the existence of any witnesses during the 9-year pendency of the charges.  (Id. ¶¶ 43–44).

**COURT'S DISCUSSION**

A.      Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint.  Bain, 697 F.2d at 1219.  Where a

defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be allowed "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).[2] "A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019); see In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the [pleading] fails to withstand Rule 12(b)(6) scrutiny.").

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

4

B.  Analysis

Defendants argue the complaint must be dismissed for a variety of reasons and that leave to amend must be denied on grounds of futility.  The court agrees dismissal is required for failure to state a claim and due to sovereign immunity,[3] and leave to amend must be denied as futile.

1. Motions to Dismiss

    a.  Unreasonable Seizure and Malicious Prosecution

A claim for malicious prosecution or for unreasonable seizure under § 1983 has three elements: that the defendant 1) caused 2) a seizure of the plaintiff under legal process without probable cause, 3) and that criminal proceedings terminated in the plaintiff's favor.  Thompson v. Clark, 596 U.S. 36, 44 (2023); Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012).[4]

Defendants argue that plaintiff fails to plead a lack of probable cause.  The court agrees.

Defendants have produced the arrest warrants in question, and the resulting indictment, which the court may judicially notice or consider at this stage as documents integral to and relied upon in the complaint or as official records, respectively.  See Sec'y of State for Defense v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999); Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006); Feldman v. Law Enforcement Associates Grp., 779 F. Supp. 2d 472, 486 n.8 (E.D.N.C. 2011).

Probable cause to arrest arises when facts and circumstances within an officer's knowledge are sufficient to warrant a prudent or reasonably cautious person to believe that the suspect has

---

[3]  Because the court agrees with defendants that dismissal is required for failure to state a claim and due to sovereign immunity, the court does not reach other grounds for dismissal raised by defendants, such as the statute of limitations.

[4]  "Malicious prosecution [is] sometimes referred to as a claim for unreasonable seizure pursuant to legal process.  This Court's precedents recognize such a claim." Clark, 596 U.S. at 42.  "A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure[.]" Evans, 703 F.3d at 647.

committed an offense.  Cahaly v. Larosa, 796 F.3d 399, 407 (4th Cir. 2015); State v. Biber, 365 N.C. 162, 168–69 (2011).  Probable cause "depends on the totality of the circumstances," does not require "an actual showing of [criminal] activity," and is "not a high bar."  District of Columbia v. Wesby, 583 U.S. 48, 57 (2018).

The complaint alleges repeatedly, summarily, and in conclusory fashion, that Braswell withheld unspecified facts from the New Hanover County Magistrate Judge, that Braswell "fabricated" allegations, and that he acted "without probable cause."  (Compl. ¶¶ 3, 5, 26, 31, 47, 49–52, 54).  These unadorned, conclusory statements and legal conclusions do not satisfy pleading standards.  Iqbal, 556 U.S. at 678.

Against these conclusory statements, defendants mount several persuasive arguments. First, the state Magistrate Judge approved the arrest warrants, and a state grand jury returned an indictment upon them.  These developments strongly support probable cause; indeed, an indictment, returned by a properly constituted grand jury, "conclusively determines" the existence of probable cause.  Gerstein v. Pugh, 420 U.S. 103, 118 n.19 (1975); see Illinois v. Gates, 462 U.S. 213, 236 (1983) (Magistrate Judge's decision to issue warrant); Durham v. Horner, 690 F.3d 183, 188–89 (4th Cir. 2012) (indictment); (Mot. Dismiss Ex. 4 (DE 23-4); id. Ex. 5 (DE 23-5); id. Ex. 6 (DE 23-6)).  And "where a magistrate acts mistakenly in issuing a warrant but within the range of professional competence of a magistrate, the officer who requested the warrant cannot be held liable."  Messerschmidt v. Millender, 565 U.S. 535, 547–48 (2012) (quoting Malley v. Briggs, 475 U.S. 335, 346 n.9 (1986)).

Plaintiff does not offer substantive response to defendants' motions to dismiss or against their futility arguments.  But even if the state Magistrate Judge's issuance of warrants and the grand jury's return of indictments were not dispositive, the dropping of charges later, upon which

6

plaintiff places weight in his original and proposed amended complaints, does not aid plaintiff, because probable cause is based upon facts known to an officer at the time of arrest, and even an acquittal by a jury at trial does not retroactively dispel a finding of probable cause at the outset of proceedings. See Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). The court therefore concludes that both of plaintiff's complaints fail to plead sufficient facts on the alleged lack of probable cause. Plaintiff's state law claim for malicious prosecution meets the same fate, because that tort under North Carolina law similarly requires a lack of probable cause. See Turner v. Thomas, 369 N.C. 419, 425 (2016).

b. IIED

Defendants argue that plaintiff's IIED claim fails for, among other reasons, lack of outrageous conduct, and because the publication of plaintiff's arrest information is affirmatively authorized under state law, as well as sovereign immunity for defendant DOI. The court agrees that dismissal of this claim is warranted.

A claim for IIED under North Carolina law requires 1) extreme and outrageous conduct 2) which was intended to cause and did cause 3) severe emotional distress. Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 774 (4th Cir. 1997).

Plaintiff's complaint does not specify what particular conduct was allegedly outrageous, (see Compl. ¶¶ 46–56), but the court infers that plaintiff bases this claim on the arrest itself and upon the publication of his arrest information. (See id.). The court finds persuasive Kling v. Harris Teeter Inc., 338 F. Supp. 2d 667, 673–74 (W.D.N.C. 2002), in which the court concluded that arresting a man at 4:00 AM in front of his family was not outrageous. Plaintiff here pleads even less: that he was merely arrested after turning himself in without these additional unpleasant circumstances. See Dobson v. Harris, 134 N.C. App. 573, 578–79 (1999), rev'd on other grounds,

7

352 N.C. 77 (2000) (false official accusations of child abuse did not state IIED claim); cf. Russ v. Causey, 732 F. Supp. 2d 589, 600, 607 (E.D.N.C. 2010) (violently arresting plaintiff while he carried his father's casket at funeral was extreme and outrageous). Further, the release of plaintiff's arrest and booking information is affirmatively authorized under state law. See N.C. Gen. Stat. § 132-1.4(c). The court therefore concludes plaintiff's IIED allegations against Braswell fail to state a claim.

Plaintiff's claims against DOI are fatally infirm for these same reasons, and for others springing from DOI's state agency status and its consequent immunity under the Eleventh Amendment.

DOI is a North Carolina state agency. N.C. Gen. Stat. § 58-2-1. And simply put, the Eleventh Amendment bars suit in federal court against states and their agencies absent consent, valid congressional abrogation, or claims for prospective relief styled against state officials rather than entities. See Lee-Thomas v. Prince George's Cnty. Pub. Schs., 666 F.3d 244, 248–49 (4th Cir. 2012). Plaintiff's claims seek retrospective relief against a state agency in federal court, and he does not allege or argue any waiver or abrogation; these claims are thus barred by the Eleventh Amendment.

   c. State Constitutional Claim

Finally, plaintiff presents a claim under the North Carolina constitution; this claim is not identified with any specificity, but the court construes it as parallel to plaintiff's § 1983 claim for unreasonable seizure without probable cause. (See Compl. ¶ 8).

Because plaintiff has failed to plead a lack of probable cause, this claim fails with plaintiff's parallel § 1983 claim. First, a plaintiff may not maintain a direct claim for unreasonable seizure under the North Carolina Constitution because other state law torts such as false imprisonment or

false arrest constitute adequate legal remedies for such injuries. Rousselo v. Starling, 128 N.C. App. 439, 446–49 (1998); see Corum v. Univ. of N.C., 330 N.C. 761, 783 (1992). This doctrine dooms plaintiff's state constitutional claims for two reasons: first, the existence of the tort of false arrest under state law forecloses any direct constitutional claim, see Starling, 128 N.C. App. at 447; second, even if plaintiff had pleaded a false arrest claim, such claim cannot withstand the existence of probable cause. Williams v. City of Jacksonville Police Dep't, 165 N.C. App. 587, 596 (2004) ("probable cause is an absolute bar to a claim for false arrest"); see Adams v. City of Raleigh, 245 N.C. App. 330, 335 (2016) (similar); see also Anderson v. Caldwell Cnty. Sheriff's Office, 524 F. App'x 854, 863 (4th Cir. 2013); Caraway v. City of Pineville, 639 F. Supp. 3d 560, 588–89 (W.D.N.C. 2022) (dismissing state-law false arrest claim for existence of probable cause).

Because all of plaintiff's claims against Braswell and DOI contained in original complaint fail as a matter of law, defendants' motion is granted.

2. Motion for Leave to Amend

Plaintiff's proposed amended complaint does not differ from his proposed amended complaint in any way pertinent to the court's discussion above, with one exception.

In the proposed amended complaint, plaintiff adds that Braswell failed to disclose the lack of witnesses to the alleged crimes to the state Magistrate Judge. (See Proposed Am. Compl. ¶ 36). These additions do not save plaintiff's claims. The court cannot conclude that the absence of witnesses is itself necessarily exculpatory, in contrast to, for example, an officer's knowing misidentification of a suspect in a warrant affidavit.[5] See Miller v. Prince George's Cnty., Md., 475 F.3d 621, 626, 629–30 (4th Cir. 2007). Officers are not required to pursue and exhaust all

---

[5] The court also notes that plaintiff simultaneously pleads that Braswell listed three witnesses in the warrant applications. (See Proposed Amended Compl. ¶ 38). Even if a lack of witnesses were necessarily exculpatory, this inconsistency would provide an alternative basis for the court's conclusion on this issue.

9

potentially exculpatory leads and avenues of investigation before applying for a warrant. See, e.g., Wadkins v. Arnold, 214 F.3d 535, 541 (4th Cir. 2000).

The court therefore denies plaintiff's motion for leave to amend on grounds of futility.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 21, 22) are GRANTED as set forth herein. Plaintiff's claims against defendant Braswell are DISMISSED for failure to state a claim under Rule 12(b)(6). Plaintiff's claims against DOI are DISMISSED WITHOUT PREJUDICE under the Eleventh Amendment. Plaintiff's motion for leave to amend (DE 47) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge